United States Courts
Southern District of Texas
FILED

MAR 20 2020

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRANCISCO SALAZAR §
    Petitioner Pro Se §
                        §
V.                           §  CIVIL ACTION NO. **4:20-cv-1026**
                        §
LORIE DAVIS, DIRECTOR §
TEXAS DEPT. CRIMINAL JUSTICE §
CORRECTIONAL INSTITUTIONS DIV. §
    Respondent §

### PETITION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Francisco Salazar Petitioner pro se, herein stled Petitioner in the above numbered and styled civil action, and move this Court pursuant to 28 USC §§2241(C)(3), and 2241(C)(5). Petitioner request that this Court issue a writ of habeas corpus ad testificandum requiring Warden _____ to bring Petitioner before the Court to provide testimony [o]nly of unresolved issues of constitutional magnitude that so infested Petitioner's trial so as to make it fundamentally unfair, and, therefore, a denial of due process, scheduled to commence on _____ 2020, and states in support of his request, Petitioner will show clear and convincing [e]vidence that; (1) the case depends, in large part upon his own testimony, since he was denied the right to testify, at trial; (2) that it [i]s necessary, since Petitioner is proceeding pro-se in this matter and that, he should, therefore, be produced to manage the presentation of his case; (3) that a jury(where

1.

its required) should be allowed to hear the Petitioner testify personally, as to his pre-arrest; pre-mirandad warranings, and to determine ____ upon observation, whether his demeanor was consistent in execeersizing that right; and finally, Petitioner should be present to present appropriate rebuttal evidence against prosecutor's knowing use of Petitioner's pre-arrest, and pre-mirandan silence, to wit;

## PRELIMINARY STATEMENTS

This petition [c]onforms to Fed. Crim. Code and Rules; Rule 2 (a)(c) petition. Also, Petitioner's submission of duplicate(s) [i]s [a]dmissible under, Fed. Civ. jud. Proc. R.; Rule 1003. This rule fins support in Myrick v. US, 332 F.2d 279(5th Cir); Johns v. US, 323 F.2d 421(5th Cir); see also, Sauget v. Johnson, 315 F.2d 816(9th Cir).

Federal Habeas Corpus [i]s the proper remedy for one "in custody," 28 USC §2241(d)(2000); see also, Spencer v. Kemna, 523 US 1, 5(1998) to test the [l]egality of that custody. See, Arias v. rogers, 676 F.2d 1139, 1149(7th Cir). Petitions brought under §2241 [a]pplie(s) to person(s) 'in custody' [r]egardless of whether "final judgment" has been rendered, and [r]egardless of the case status. (Citing Dickerson v. Louisiana, 816 F.2d 220, 224(5th Cir) cert denied 484 US 956; 108 S.ct. 352(1987); Tootle, 65 F.3d at 383; see also, Note 3; cited as, Sanchez, 258 F.Supp.2d 655(S.D.Tex.2003).

Furthermore, Circuit case law has permitted [c]hallenges to the [e]xecution of a sentence via §2241, see, Davis v. Fechtel, 150 F. 3d at 488; US v. Tubwell, 37 F.3d 175, 177(5th Cir); McIntosh v. US Parole Comm., 115 F.3d 809, 810(10th Cir.1999); see also, Orellana v. Kyle, 65 F.3d 29(5th Cir); In Re Cain, 137 F.3d 234(5th Cir.1998). Moreover, it has long been held that challenges to an individuals custody can [o]nly be brought under the traditional habeas provision(s). See, In Re Keeler, Dist. Court; D. Arkansas, 1843 US Dist. Lexis 48; F.Ca5 173;; In Re Martin, Cir. Court; S.D. New York; 1866 US App. Lexis 325; 16 F.Ca5 875; In Re McDonald, Dist. Court; E.D. Missouri, 1861 US Dist. Lexis 69; 16 F.Ca5 17; United States ex rel Standing Bear v. Crook; Cir. Court; D. Nebraska; 1879 US App. Lexis 1667; 25 F.Ca5 695; see also, Rasul v. Bush, 215 F.Supp.2d 55(D.C. Cir.2002); at 62; Rasul v. Bush, 542 US 466; 124 S.ct. 2686(28 USC §2241(c)(3)).

## ADDITIONAL ISSUE(S) FOR REVIEW AND DETERMINATION

Fifth Amendment Right To Remain Silent Prior To Arrest:

(1) Whether the fifth Amendment to the United States Constitutional protections apply to someone who has been [a]dvised by his attorney to remain silent, and invokes that right in a non-custodial interrogation;

(2) Can a defendant who use pre-trial silence when questioned by law enforcement, be compeled, in violation of his fifth amend-

3.

ment privilege, to give evidence that can be used against him ___ either his verbal response(s) to statements, or questions posed, on his non-responsive silence?

(3) Whether the prosecution may use a defendants assertion of the privilege against self-incrimination during a non-custodial police interview as part of its case-in-chief;

(4) Finally, can a defendant, being denied his right to testify that he is innocent, where Court of Appeal considered the propective testimony to be merely comparable with, or [e]quivalent to a not guilty plea, show prejudice in an ineffective assistance counsel claim.

## AUTHORITY

The Courts authority to issue federal habeas corpus, [i]s [e]xpress[ly] confirmed in the "All Writ Act" pursuant to Fed. Civ. Jud. Proc. R.; 28 USC §§1651(A); 2241(a).

## JURISDICTION

Jurisdiction is conferred pursuant to 28 USC §2241(d) whereas, Petitioner was convicted within this Courts jurisdiction of Montgomery County, Texas.

## BRIEF CASE SUMMARY

Petitioner was convicted by a jury of One Count of Continuous Sexual Abuse of a Child; One Count of Indecency with a Child by Sexual Contact; and One Count of Sexual assault of a Child, see [Exhibit A, page 10]. Jury assessed punishment at forty years, Id. On August 2, 2011 Petitioner's trial counsel filed a motion for a new trial, and a motion to withdraw, Id. On October 12, 2012, the trial Court granted the motion to withdraw, Id. On July 24, 2013, Petitioner filed notice of appeal, which was dismissed as [un]time[ly]. On May 25, 2016, Petitioner filed an application for a writ of habeas corpus, in which, he argued that he had been denied effective assistance of counsel, because his trial counsel had not filed a [p]roper motion for a new trial or appeal, Id. On February 15, 2017, the trial Court issued findings of fact(s) and conclusion of law, Id. On March 28 2017 Petitioner filed notice of appeal, [Exhibit A, page 11]. On or about May 16, 2017, Petitioner filed yet, another motion for a new trial in which he requested an evidentiary hearing; ineffective assistance of counsel; and improper admission of certain evidence during the punishment phase, and a new trial in the interest of justice, Id. On May 25, 2017, the trial Court entered [a]n [o]rder finding that, enter alia, the motion for a new trial was "timely presented," Id. On May 256 2017, Petitioner filed a "motion for Court to [c]larify basis for the denial of the motion for a new trial, Id. The trial Court never ruled on the motion to clarify, Id.

5.

## PETITIONER'S CONTENTIONS TO
## UNRESOLVED CONSTITUTIONALS ISSUE(S)

### (GROUND ONE)

Petitioner contends first that, it was plain error for the Court to permit the prosecution, to introduce evidence of his pre-arrest, pre-miranda silence in its case-in-chief, because it [p]rompt the jury to infer guilt and violated his fifth amendment right to remain silent.

### (GROUND TWO)

Petitioner contends next that, the State holding in, Salinas v. State, 369 S.W.3d 176, 179(Tex.Crim.App.2012) that a suspect choice to remain silent prior to arrest and prior to being read his "miranda rights, [i]s enough to permit a jury to infer guilt, pales against reasoning. The State mocks, the very mewing of the first, fourth, fifth, and sixth amendments of the United States Constitution. __specifically, Petitioner's [r]ight to refuse to talk (which is found in the first amendment freedom of speech) to law officals who [a]sk, and or request to speak with him. (Because he is not "in custody" or has not been seized, applicable to the fourth amendment) is no different than one (who is not penalized) is free to walk away and not talk to law officails when requested. See, US v. Waldon, 206 F.3d 597(6th Cir.2000); Angulo v. Guerrero, 328 F.3d 449(8th Cir.2003); and US v. Baker, 240 F.3d 1276(11th Cir.2002);

US v. Drayton, 536 US 194, 205-06(2002) is cloak in mistery. Nontheless, and, pertinent to the argument at hand. The fourth amendment is applicable to [State officials] through the due process clause of the fourteenth amendment. See, Wolf v. Colo,, 338 US 25, 27-28(1949) overruled on other grounds by, Mapp v. Ohio, 367 US 643 (1961). The fifth amendment [r]ight [a]gainst self incrimination [a]pplie(s), to the [S]tate(s) through the fourteenth amendment. See, Malloy v. Hogan, 378 US 1, 8(1969), and, the sixth amendment [r]ight to counsel in [a]ll criminal proceeding(s) [a]pplie(s) to the [S]tate(s), likewise, through the fourteenth amendment. See, Gideon v. Wainwright, 372 US 335, 342(1963). Alternatively, the fourteenth amendment to the United States Constitution Section (1), makes it clear that "[A]ll person(s) (whether) born or naturalized are citizens of the United States [a]nd of the [S]tate wherein (he) or (she) reside." No State shall make, or enforce any law which shall abridge the priviledges or immunities of the citizens of the United States; nor, shall any State deprive any person of life, liberty, or property, without due process of law; nor [deny] to [a]ny person within its jurisdiction the [e]qual [protection] of the [l]aw(s).

Reading Section (1)(and the imaginary second clause) of the fourteenth amendment, it plainly states that, "no State [s]hall "abridge" the <u>privileges</u> or <u>immunities</u> of the citizens of the United States; to compound that statement (again with the imaginary fourth clause) nor [d]eny to any person within its jurisdiction

7.

the [e]qual protection of the [l]aw(s), clearly suggest that [a]ll [p]erson(s) are to enjoy [a]ll privileges [a]nd immunities [c]ontinously [without] pause or "abridgement" from the government (or State), and are entitled to the protection(s) of the laws [e]qual-[ly]. As stated in Kastigar v. US, 406 US 441, 445(1972). The fifth amendment [a]pplie(s) in [a]ny proceeding (interviews) to "disclosures that one reasonably believes could be used [against him] in a criminal prosecution; or could lead to other evidence that [m]ight be so used." Pointedly, the protection [a]pplie(s) [o]nly to 'acts' that are <u>communicative</u> or <u>testimonial</u>. see also, US v. Davis, 242 F.3d 49, 51(1st Cir.2001). Moreover, it is reasoned that the right to remain silent [a]ttached [before] the institution of adversary proceedings. Ouska, 246 F.3d at 1047. Given that Petitioner did not take the stand, the prosecution's sole motive in referring to Petitioner's pre-arrest silence was to suggest that he was guilty ____ not to impeach his testimony as was the case in Jenkins, see Id at 1017 cited as Savory v. Lane, 832 F.2d 1017.

However, given the State probable collateral [i]mplication of Petitioner's invocating his right to remain silent, [i]s that he is guilty. A lay jury would infer, see Skelton v. State, 434 S.W. 3d at 719; Friend v. State, 473 S.W.3d 470, 478(Tex.App.-Houston [1st Dist.] 2015, pet ret'd). Additionally, the fourteenth amendment secures [a]gainst State invasion, the same way the fifth amendment priviledge guarantee(s) [a]gainst federal infringement __ the right of a person to remain silent '[n]nless' he choose to speak,

8.

[i]s an unfethered exercise of his own will, and should not suffer [under penalty] for such silence. See, Mallory v. hogan, 378 US 1(1964). The Court in Griffin v. California, 380 US 609(1965) stated that, "allowing the prosecutor to comment on the defendant's exercise of his right not to testify was [c]haracterized as a [penalty] imposed for exercizing a constitutional priviledge, Id. the Court went further in stating that what the [j]ury may [infer] given 'no' help from the Court is one thing." [W]hat it may infer when the Court solemnizes the silence of the accused into [e]vidence [a]gainst him is anther. Griffin, 380 US at 614. The State reliance on Salinas v. State, 369 S.W.3d 176(Tex.Crim.App.2012) in finding that a person [not] under compulsion, the fifth amendment becomes irrelevant, fethers under Coppola v. Powell, 878 F.2d 1562 (1st Cir.1989) holding that, "[A]llowing a jury to infer guilt from pre-arrest invocation of the priviledge, [i]gnores the teaching that the "fifth amendment" [i]s [not] limited to those "in custody," or charged with a crime." A Federal Constitutional question is put before this Court. The State has the responsibility to investigate and [p]rove its case with evidence independent of the accused's silence. See, Murphy v. Waterfront Comm'n of N.Y. Harbor, 378 US 52 55(1964).

## REASONABLE DOUBT

### (GROUND THREE)

Petitioner also contends that, there was insufficient evidence from which the jury could have found Petitioner guilty of the alleged offense(s). See [Exhibit B]. Specifically, under direct examination, State witness Det. Gannucci testified, that there was no physical examination done on the victim. See [Exhibit B, vol 3 pages 124, 125 and 126].

State witness Dr. Thompson testified that it could not be determine whether a child is lying about an incident or not. See [Exhibit B, vol.3 page 39, lines 15-25][Exhibit B, vol.3, page 40, lines 1-7] testified that he has [n]o research of dealing with children directly. See [Exhibit B, vol.3 page 29, lines 20-21] nor has he done a forensic interview of a child. [Exhibit B, vol.3, page 29, lines 23-24], see also, [Exhibit B, vol.3, page 32, lines 3-5] and [Exhibit B, vol.3, page 34, and 35, line 1].

Moreover, State witness Carmen on cross-examination, testified when questioned about her grandchildren visiting her, stated that both, the victim and her sister stayed with her every summer, '[a]ll' summer, for (11) eleven years starting in the year 2000. See [Exhibit B, vol.3, page 94, 95 and 96, lines 10-12] which would make both the first [o]ut cry a lie. See, [Exhibit C, vol.4, page 79, lines 18-25] and [Exhibit C, vol.4, page 88, lines 3-17].

(GROUND FOUR)

Prosecutorial Misconduct:

Petitioner's final contention is that, he was denied a fair trial, where, during closing arguments the prosecutor bolster the testimony of not one, but both, the victim and expert, that was intended to inflame the passion of the jury, [D, vol.5, page 80, lines 10-16] and vouch for the credibility of expert testimony. See, [Exhibit D, vol.5, page 66, line 25; page 67, lines 1-3; page 73, lines 17-18; page 74, lines 9-10; and page 76, lines 7-14].

## ARGUMENTS AND AUTHORITIES

Proving Elements Beyond A Reasonable Doubt:

Under the due process clause of the fifth amendment, the prosecutor [i]s required to [p]rove beyond [a] 'reasonable' doubt, [e]very [element] of the crime with which a defendant is charged. See, In Re Winship, 397 US 358, 364(1970) see also, Fiore v. White, 531 US 225, 228-29(2001). The reasonable doubt standard [a]pplie(s) in both, State and Federal proceedings. See, Sullivan v. LA., 508 US 275, 278(1993).

The Court, considering Petitioner's petition for federal habeas relief, must conclude after review, that nothing in the course of Petitioner's trial revealed that Petitioner committed [a]ny of the alleged (a)cts, or offense(s) brought by the State. Specifically, Det. Gannucci testified that he did not order a physical examination because there was [n]o evidence of vagina penatration. See [Exhibit B, vol.3, pages 124, 125, and 126]..

State expert witness, Dr. Thompson, testified he has [n]o research of dealing with children directly, see, [Exhibit B, vol.3, page 29, lines 20-21] he testified that it could not be determined if a child was lying about an incident or not. See, [Exhibit B, vol.3, page 40, lines 1-7].

He also testified that he was not qualified to give, nor has he done a forensic interview of a child, which he understood, was the sole purpose of his testimony. See, [Exhibit B, vol.3, page 29, lines 23-24][Exhibit B, vol.3, page 32, lines 3-5] and [Exhibit B, vol.3, pages 34-35, line 1].

The Winship [r]easonable doubt standard protect(s) three interest(s). First, it protects the Petitioner's liberty interest. See 397 US at 363.

Second, it protect(s) the Petitioner from the [s]tigma of a wrongful conviction, see Id. and Third it engender(s) [community confidence] in the criminal law, [b]y giving concrete substance to the 'presumption' of innocence, Id at 363-64, cited as, Jackson v. Virginia, 443 US 307; 99 S.ct. 2781, it was held that, in a habeas corpus proceeding, a rising out of a [c]laim that a person has been convicted in a [S]tate Court upon [i]nsufficien[t] evidence; a federal Court, rather than restricting its inquiry [m]ere[ly] to whether there [i]s [o]nly evidence to support the conviction, [m]ust consider whether there [i]s sufficient evidence to justify a rational trier of the "fact(s)" to find guilty beyond [a] reasonable doubt, and therefore, in a challenge to a State Court conviction,

a Petitioner [i]s entitled to habeas corpus relief, if it is found that, upon the record [evidence] [a]dduced at trial, no rational trier of facts could have found [proof] of guilt beyond a reasonable doubt. See, US v. Mdrillot, 158 F.3d 18, 25(1st Cir.1998); US v. Jackson, 368 F.3d 59, 61-62(2nd Cir.2004); US v. Jenkins, 90 F.3d 814, 820-21(3rd Cir. 1991); US v. Ismail, 97 F.3d 50, 59(4th Cir. 1996). Viewed in the light most favorable to the prosecution, no rational fact finder would conclude beyond a reasonable doubt, that Petitioner, did then and during a period on or about 2007, and 2008 committed a continuous act of sexual abuse of a child, where evidence show that the victim stayed with grandmother [a]ll summer from 2000, until 2010. See [Exhibit B, vol.3, pages 94, 95 and 96, lines 10-12][Exhibit D, vol.5, page 56, lines 17-25].

Where it is found that, the State fails to sustain [i]ts burden of proof, reversal is required. See, US v. Peters, 15 F.3d 540, 544(6th Cir.1994); Piaskowski v. Bett, 256 F.3d 687, 693(7th Cir. 2001); US v. Delpit, 94 F.3d 1134, 1148(8th Cir.1996); see also, US v. Spinner, 152 F.3d 950, 857(D.C.Cir.1998). Moreover, where the defense pointed out the State's lack of evidence, see [Exhibit D, vol.5, page 52, lines 20-23] and the prosecution, not [o]nly admts to the lack of evidence [Exhibit D, vol.5, page 70, lines 14-20] but instructs the jury that it [o]nly have to "believe" (infer) that indecency with a child occurred, [Exhibit D, vol.5, page 39, lines 24-25] impermissibly relieved the prosecution of its burden. See, Coleman v. Butler, 816 F.2d 1046, 1048(5th Cir.1987); Caldwell

13.

v. Bell, 288 F.3d 838, 843(6th Cir.2002); US v. Guerra, 293 F.3d 1279, 1290(11th Cir.2002). In conclusion, a case error [i]s 'not' amendable to "harmless" error analysis, and [w]ill always invalidate the conviction. See, Cage v. LA, 498 US 39, 41(1990)(per curiam) see also, Sullivan v. LA, 508 US 275, 279(1993). The Court review an ambiguous instruction, if there is a reasonable likelihood, the jury has applied the challenged instruction in a way that violates the United States Constitution. See, Holland v. US, 348 US 121, 140(1954); see also, Estelle v. Mcguine, 502 US 62, 72(1991) (Quoting Boyde v. Cal., 494 US 370, 380(1990).

## ARGUMENTS AND AUTHORITIES

Prosecutorial Misconduct Closing arguments:

[A] prosecutor's misconduct [w]ill require reversal of a state Court conviction, [o]nly where the remark sufficiently infected the trial so as to make it [f]undamental[ly] unfair, and, therefore, a denial of due process. See, Cargle v. Mullin, 317 F.3d 1196, 1220 (10th Cir.2003)(Quoting Duckett v. Mullin, 306 F.3d 982, 988(10th Cir.2002).

Moreover, the prosecutor's vouching for the credibility of a State witness... [Exhibit D, vol.5, page 66, line 1][Exhibit D, vol.5, page 67, lines 1-3] carries with [i]t impremature of the State, and "may" induce the jury to trust the State's judgment, rather than its own view of the evidence. See, US v. Young, 470 US 1, 18-19(1985). Furthermore, it wasimproper for prosecutor to

vouch for victims testimony that, "had the victim wanted to get him convicted, the details of what happened were not necessary, because its what really happened." [Exhibit D, vol.5, page 67, lines 7-12] see, US v. Martinez-Medina, 279 F.3d 105, 119(1st Cir.2002) overruled on other grounds by, US v. Penez-Ruiz, 353 F.3d 1(1st Cir. 2003); Marshall v. Hendricks, 307 F.3d 36, 65(3rd Cir.2002).

Also, the prosecution Statement about the victim and her love for her family during guilt phase were improper because the statement was intended to inflame the jury, see [Exhibit D, vol.5, page 80, lines 10-16] and prejudiced the Petitioner because no curative instruction were given. Quoting Donnelly v. De Christoforo, 416 US 637, 643(1974). Nontheless, Petitioner had a due process right to receive a fair trial. See, Gannett Co. v. DePasquale, 443 US 368, 378(1979); Duncan v. LA, 391 US 145, 153(1968). In conclusion, bolstering [i]s 'any' evidence, the sole purpose of which is to convince the fact finder that a [particular] 'witness,' or source of evidence [i]s worthy of credit. See, Floyd v. Meachum, 907 F.2d 347, 354-55(2nd Cir); US v. Gallando-Tropero, 185 F.3d 307, 319-20(5th Cir.1999); [e]xpert testimony that [a]ssits the jury in [d]etermining an ultimate fact is admissible, but, expert testimony that [d]ecides an issue of ultimate fact for the jury, such as a direct opinion of the truthfulness of a child, [i]s 'not' admissible. See, Flores v. State, 2016 Tex. App. Lexis 12593, (citing Tex. R. Evid. 702; Yount v. State, 872 S.W.2d 706, 708(Tex. Crim.

App. 1993). As stated, an important question of federal law that has not been, but should be settled, is properly before this Court.

### PRAYER

Wherefore, Premises Considered, and the due process, and due course of law provision(s) under both, the United States and Texas Constitution, Petitioner submits this prayer. That the Court grant an evidentiary hearing, finding from the record and pertinent portions of Court proceedings, that comity and federalism would be best served by adjudicating Petitioner's 14th amendment challenges to the evidence that are not cognizible on State 11.07 writ of habeas corpus, Ex Parte Easter, 615 S.W.2d 719; Ex Parte Griggsby, 137 S.W.3d at 647; and Ex Parte Perales, 215 S.W.2d 418.

/s/ *[signature]*

## INMATE DECLARATION

I, Francisco Salazar do declare under penalty of perjury, that the foregoing is true and correct according to my understanding.

Executed on this the 16.th day of March, 2020.

## CERTIFICATE OF SERVICE

I, Francisco Salazar hereby declare that a true and correct copy of this Petition for Federal Habeas Corpus, styled Ad Testificandum §2241(C)(5), accompanied with (4) Exhibit(s) (A),(B),(C) and (D), postage prepaid and addressed too:

United States District Court
Southern District of Texas
P. O. Box 61010
Houston, Texas 77240

/S/ Francisco Salazar

17.